# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**JOAN ESTEP,**
**Claimant Below, Petitioner**

**FILED**

September 15, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0600** (BOR Appeal No. 2053810)
                (Claim No. 2016025417)

**GREENBRIER VALLEY MED CENTER,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joan Estep, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Greenbrier Valley Med Center, by Counsel Patricia E. McEnteer, filed a timely response.

The issue on appeal is temporary total disability benefits. The claims administrator closed the claim for temporary total disability benefits on December 4, 2017. The Workers' Compensation Office of Judges ("Office of Judges") reversed the decision in its January 4, 2019, Order and granted temporary total disability benefits from November 15, 2017, through April 5, 2018. The Order was reversed by the Board of Review on June 4, 2019, which reinstated the claims administrator's decision.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Estep, a housekeeper, injured her right hip in the course of her employment due to repetitive lifting. The Employees' and Physicians' Report of Injury, completed on April 12, 2016, indicates Ms. Estep developed right sacroilitis due to repeatedly lifting linen bags. The claims administrator held the claim compensable for right hip strain on April 22, 2016.

In a July 19, 2016, report, Yogesh Chand, M.D., stated that Ms. Estep reported that she was doing some heavy lifting at work when she felt right hip pain. She also reported ongoing right

1

foot tremors for the past three to four months, as well as numbness and tingling in her right leg. Dr. Chand diagnosed right hip and leg pain, likely due to sciatica. Ms. Estep was temporarily and totally disabled, but Dr. Chand also stated that she could perform light duty with some restrictions.

A lumbar MRI showed a large disc herniation with nerve root compression at L5-S1 on August 11, 2016. On December 8, 2016, Ms. Estep underwent microscopic dissection of the L5-S1 disc bulge for low back and right leg pain, and right L5 radiculopathy due to an L5 disc herniation. In a December 21, 2016, decision, the claims administrator held the claim compensable for herniated L5-S1 disc and granted temporary total disability benefits from December 8, 2016. A post-surgery March 4, 2017, lumbar MRI showed small disc herniations and postoperative changes.

In a September 25, 2017, treatment note, Wilfred Tolentino, PA-C, with the Center for Pain Relief, stated that Ms. Estep reported constant right lower back/buttock pain that radiated into her foot. The assessment was lumbar post-laminectomy syndrome and lumbar radiculopathy. It was noted that she was approaching maximum medical improvement. A spinal cord stimulator was recommended.

Syam Stoll, M.D., performed an independent medical evaluation on December 4, 2017, in which he diagnosed right hip sprain/strain, lumbar injury, and post-lumbar surgery. Dr. Stoll recommended that Ms. Estep undergo a trial spinal cord stimulator for lumbar radiculopathy. Dr. Stoll opined that she had reached maximum medical improvement and assessed 15% impairment. He noted that Ms. Estep was well beyond the treatment guidelines for right hip sprain/strain. Based on his findings, the claims administrator closed the claim for temporary total disability benefits on December 4, 2017.

On January 16, 2018, Ms. Estep underwent surgery for placement of a trial spinal cord stimulator for chronic pain syndrome, post-lumbar laminectomy syndrome, and lumbar radiculopathy. Ms. Estep was treated by Brian Yee, D.O., with the Center for Pain Relief, on January 23, 2018. He noted that she reported 60-70% pain relief with a spinal cord stimulator. Dr. Yee recommended proceeding with permanent placement of the spinal cord stimulator, which Ms. Estep did on March 23, 2018.

A March 29, 2018, treatment note by Sara Mooney, FNP, with the Center for Pain Relief indicates Ms. Estep reported 50% pain relief following permanent placement of a spinal cord stimulator. She still had constant throbbing in her right leg and calf. On April 5, 2018, Dr. Yee also noted that Ms. Estep reported 50% pain relief.

Ms. Estep testified in an August 23, 2018, deposition that she injured her right hip and lumbar spine due to repetitive heavy lifting at work. She underwent treatment, including lumbar spine surgery. Ms. Estep stated that she received temporary total disability benefits during her recovery. She testified that she currently receives weekly checks for her 15% permanent partial disability award. She has not returned to work or been released to return to work. Ms. Estep stated that she had a spinal cord stimulator permanently placed in her spine and that it was paid for by the claims administrator. She asserted that she cannot return to work because she cannot walk or

stand for long periods of time. On cross-examination, Ms. Estep stated that her physicians have stated that there is no further treatment that can be offered to her other than pain management. She testified that she worked from the time of her injury until she had surgery in December 2016.

In its January 4, 2019, Order, the Office of Judges reversed the December 4, 2017, claims administrator decision and granted temporary total disability benefits from November 15, 2017, through April 5, 2018. It found that Dr. Stoll's opinion, that Ms. Estep had reached maximum medical improvement, was inconsistent with the remainder of the evidence. Dr. Stoll found that Ms. Estep needed surgery for placement of a spinal cord stimulator, which is inconsistent with his finding that she was at maximum medical improvement. She underwent lumbar spine surgery, which allows for between zero and twelve weeks of temporary total disability. The Office of Judges concluded that Dr. Stoll failed to consider the disability associated with the two surgeries Ms. Estep underwent for trial and then permanent spinal cord stimulator placement. His report opining that she was at maximum medical improvement and also that she required surgery was therefore found to be unreliable.

The Office of Judges concluded that Ms. Estep was entitled to additional temporary total disability benefits. She underwent spinal cord stimulator surgeries on January 16, 2018, and March 23, 2018. The insurance carrier approved the surgeries. Ms. Estep saw 50% improvement in her pain and improvement with her daily living activities. The Office of Judges determined that there was insufficient evidence that she was released to return to work. Dr. Stoll stated in his report that Ms. Estep required a functional capacity evaluation before it could be determined if she was able to return to work. Dr. Yee's records indicated she was released to return to work; however, Ms. Estep testified she was never provided a return to work slip by Dr. Yee's office. Further, Dr. Yee's progress notes indicate that Ms. Estep had daily, moderate to significant, activity-limiting pain. In his April 5, 2018, progress note, Dr. Yee stated that Ms. Estep continued to heal from her surgical wounds. The Office of Judges concluded that Ms. Estep was entitled to temporary total disability benefits from November 15, 2017, through April 5, 2018, and further as substantiated by proper medical evidence.

The Board of Review, by Order dated June 4, 2019, reversed the Office of Judges' Order and reinstated the claims administrator's closure of the claim for temporary total disability benefits. It found that Dr. Stoll found Ms. Estep had reached maximum medical improvement on November 15, 2017. The Board noted that Ms. Estep was seen by Dr. Yee, with the Center for Pain relief, on January 23, 2018, and that Dr. Yee did not indicate she was temporarily and totally disabled. Ms. Estep was also seen by Ms. Mooney, also with the Center for Pain Relief, on March 29, 2018, and again, it was not noted that she was temporarily and totally disabled. The Board of Review concluded that there was no medical evidence justifying continued temporary total disability benefits.

After review, we agree with the reasoning and conclusions of the Board of Review. Ms. Estep failed to provide sufficient evidence indicating that she was temporarily and totally disabled after December 4, 2017, when Dr. Stoll determined that she had reached maximum medical improvement. Though Ms. Estep underwent spinal cord stimulator placement, her physicians did not opine that she was temporarily and totally disabled. Further, the treatment was for pain

management and was not aimed at improving her condition. Dr. Stoll's opinion that she reached maximum medical improvement was reliable and in accord with the remainder of the evidence of record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 15, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISSENTING:**

Justice Margaret L. Workman